IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DESIREE SCOTT, et al.,

    Plaintiffs,

       v.

    CIVIL ACTION FILE
    NO. 1:05-CV-2812-TWT

HEARTLAND HOME FINANCE,
INC.,

    Defendant.

OPINION AND ORDER

This is an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.  It is before the Court on the Plaintiffs' Motion for Conditional Certification and Judicial Notice [Doc. 39].  For the reasons set forth below, the Plaintiffs' motion is GRANTED.

I. BACKGROUND

Defendant Heartland Home Finance, Inc. ("Heartland") is a mortgage banker and broker that provides first and second mortgages directly to consumers through its branch offices located throughout the United States.  Plaintiffs Desiree Scott, Adam Provost, and Michelle Harrell are former employees of Heartland.  Each was employed as a loan officer at one of Heartland's branch offices located in Atlanta,

T:\ORDERS\05\Scott\05cv2812\classcert.twt.wpd

Georgia.  The Plaintiffs brought this action individually and on behalf of other similarly situated loan officers employed by Heartland, alleging that Heartland failed to pay minimum wage compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206.

Prior to July 2002, Heartland classified its loan officers as administratively exempt under the FLSA.  During this period, compensation for loan officers was based solely on commissions earned on loans they closed.  However, in July 2002, following a Department of Labor audit of one of its offices, Heartland instituted a new company-wide compensation policy for loan officers.  The new policy was that  loan officers were paid $500.00 every two weeks, as a draw against any earned commissions.  At the same time, Heartland also instituted a 40-hour work week in an effort to ensure compliance with federal minimum wage and overtime laws.  However, if loan officers worked 45 hours or more per week, under the new compensation plan, they would not receive the federal minimum wage of $5.15 per hour.[1]  (Pls.' Mot. for Conditional Certification, Ex. B.)

The Plaintiffs allege that they worked 45 hours or more per week and were not compensated beyond the $500.00 draw.  In addition, 170 individuals who worked in

---

[1]According to the Plaintiffs, minimum wage for a loan officer working 45 hours per week would equal $500.58.  (Pls.' Mot. for Conditional Certification at 5 n.16.)

56 different branch office locations have submitted declarations containing similar allegations. The Plaintiffs now seek conditional certification of a collective action under 29 U.S.C. § 216(b). Specifically, the Plaintiffs move the Court to certify a conditional class of current and former Heartland loan officers and to authorize notice to these individuals of their right to opt-in to the collective action.

## II. DISCUSSION

Section 216(b) of Title 29 provides, in pertinent part:

> An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed with the court in which such action is brought.

29 U.S.C. § 216(b).[2]  A district court, in its discretion, may authorize the sending of notice to potential class members in a collective action in appropriate cases. Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 169-70 (1989); Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001); Haynes v. Singer Co., Inc., 696 F.2d 884, 886-87 (11th Cir. 1983). The Court of Appeals for the Eleventh Circuit has

---

[2]A collective action under Section 216(b) differs from a Rule 23 class action in that an individual does not become a party to the Section 216(b) case unless and until he gives his consent in writing to become a party, i.e., "opts-in" to the action, whereas a party must affirmatively "opt-out" of a case proceeding as a Rule 23 class action. See Thiessen v. General Elec. Capital Corp., 267 F.3d 1095, 1102 (10th Cir. 2001).

endorsed a two-tiered approach to determining whether to certify a collective action

under Section 216(b).

> The first determination is made at the so-called "notice stage."  At the
> notice stage, the district court makes a decision–usually based only on
> the pleadings and affidavits which have been submitted–whether notice
> of the action should be given to potential class members.  Because the
> court has minimal evidence, this determination is made using a fairly
> lenient standard, and typically results in "conditional certification" of a
> representative class.  If the district court "conditionally certifies" the
> class, putative class members are given notice and the opportunity to
> "opt-in."  The action proceeds as a representative action throughout
> discovery.

Hipp, 252 F.3d at 1218 (quoting Mooney v. Aramco Servs. Co., 54 F.3d 1207,

1213-24 (5th Cir. 1995)).

> The second determination is typically precipitated by a motion for
> "decertification" by the defendant usually filed after discovery is largely
> complete and the matter is ready for trial.  At this stage, the court has
> much more information on which to base its decision, and makes a
> factual determination on the similarly situated question.  If the claimants
> are similarly situated, the district court allows the representative action
> to proceed to trial.  If the claimants are not similarly situated, the district
> court decertifies the class, and the opt-in plaintiffs are dismissed without
> prejudice.  The class representatives–i.e. the original plaintiffs–proceed
> to trial on their individual claims.

Id.[3]  During the notice stage, the court should determine: (1) whether there are other employees who wish to opt-in to the action; and (2) whether those employees are "similarly situated" with respect to their job requirements and pay provisions.  Dybach v. State of Fla. Dep't of Corrs., 942 F.2d 1562, 1567-68 (11th Cir. 1991).  Although not challenging whether other employees desire to opt-in to this action, Heartland argues that those employees are not similarly situated and, thus, do not satisfy the requirements for conditional certification.[4]

The Plaintiffs bear the burden of establishing that they are similarly situated with the group of employees they wish to represent.[5]  Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996).  This burden, however, is not heavy.  Applying the

---

[3]Although Hipp involved a collective action brought under the Age Discrimination in Employment Act of 1967, the Eleventh Circuit has made clear that the analysis set forth in that case applies with equal force to FLSA collective actions.  Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1243 n.2 (11th Cir. 2003).

[4]Citing the related case of McClain v. Heartland Home Finance, Inc., Heartland asserts that this Court previously declined to rule that its loan officers were similarly situated.  (Def.'s Resp. to Pls.' Mot. at 21.)  This assertion is disingenuous.  In that case, the Court did not address the propriety of certification.  Rather, in denying the motion to certify the class, the Court relied upon the fact that the named plaintiffs abandoned their claims, thus warranting dismissal of the underlying action.  (Order, Dec. 30, 2005, McClain v. Heartland Home Fin., Inc., No. 05-CV-416-TWT.)

[5]The "similarly situated" requirement applicable to Section 216(b) collective actions is "more elastic and less stringent that the requirements founds in Rule 20 (joinder) and Rule 42 (severance)."  Grayson v. K Mart Corp., 79 F.3d 1086, 1095 (11th Cir. 1996).

"fairly lenient standard" of the notice stage, plaintiffs are not required to show that they hold identical positions but, rather, must show only that their positions are similar to those positions held by the putative class members.  Hipp, 252 F.3d at 1217; Grayson, 79 F.3d at 1096.  Courts have held that the notice stage requires only "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."  Thiessen, 267 F.3d at 1102; England v. New Century Fin. Corp., 370 F. Supp. 2d 504, 508 (M.D. La. 2005) (citation omitted); Sperling v. Hoffmann-La Roche, Inc., 118 F.R.D. 392, 407 (D.N.J. 1988).  The Defendant contends that the Plaintiffs must demonstrate an unlawful policy. (Def.'s Resp. to Pls.' Mot. at 18-20, 22-23.)  However,  the Eleventh Circuit has stated that "a unified policy, plan, or scheme of discrimination may not be required to satisfy" the similarly-situated requirement of Section 216(b).  Hipp, 252 F.3d at 1219 (quoting Grayson, 79 F.3d at 1095).  Nevertheless, a plaintiff "must make some rudimentary showing of commonality between the basis for his claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions." Marsh v. Butler County Sch. Sys., 242 F. Supp. 2d 1086, 1093 (M.D. Ala. 2003); see also Sheffield v. Orius Corp., 211 F.R.D. 411, 416 (D. Or. 2002) (putative class members must "share common identifiable facts or legal theories").  The Court finds that the Plaintiffs have done so in this case.

The Plaintiffs contend that they, and other loan officers at the various Heartland branch offices, worked 45 hours or more per week and were not paid the minimum wage.  In support of this assertion, the Plaintiffs have presented declarations from 170 employees,[6] each of whom was employed by Heartland as a loan officer during the relevant time period.  (Pls.' Mot. for Conditional Certification, Ex. G.)  Although the individuals worked at various branch locations, the Plaintiffs claim that all loan officers, regardless of the office, perform essentially the same job duties and are subject to the same employment contract and compensation plan.  (Id., Ex. C.)  Each of the putative class members stated that they have, on occasion, worked 45 hours or more per week, and that their earnings for those weeks were limited to the $500.00 draw provided for by the loan officer compensation plan.  (Id., Ex. G.)  Additionally, the Plaintiffs submit the deposition testimony of 22 loan officers who testified similarly in a related case.  (Id., Exs. H, J-M, Q-Z, AA-GG.)   As such, the Plaintiffs allege that the loan officers are similarly situated because they perform the same essential job duties and were denied the federal minimum wage as a result of the established loan officer compensation plan.

---

[6]To date, 424 loan officers have filed consent forms with the Court expressing their desire to opt-in to this action.  (Fisher Aff. ¶ 2; [Docs. 42, 43, 46, 47, 50, 54, 56, 57].)

Heartland challenges the statements of the declarants that they worked more than 45 hours during a one-week period and were not paid minimum wage. However, the Court declines to resolve factual issues or make credibility determinations at this stage. Severtson v. Phillips Beverage Co., 141 F.R.D. 276, 279 (D. Minn. 1992); see also Camper v. Home Quality Mgmt. Inc., 200 F.R.D. 516, 520 (D. Md. 2000) ("Factual disputes do not negate the appropriateness of court facilitated notice."). Moreover, Heartland's argument that the Plaintiffs and putative class members did not work in excess of the established 40-hour work week and, therefore, were not denied minimum wage is effectively an attack on the merits of the claims. However, "a court adjudicating a motion to authorize a collective action need not evaluate the merits of plaintiffs' claims in order to determine whether a similarly situated group exists." Kreher v. City of Atlanta, Ga., No. 1:04-CV-2651-WSD, 2006 WL 739572, at *4 (N.D. Ga. Mar. 20, 2006) (quoting Young v. Cooper Cameron Corp., 229 F.R.D. 50, 55 (S.D.N.Y. 2005)).

In addition, Heartland argues that the similarly-situated requirement has not been met because the Plaintiffs have failed to establish that loan officers from different branches had similar working hours. Heartland asserts that branch managers are responsible for running their respective offices and monitoring the hours of their loan officers. According to Heartland, this demonstrates the potential that factual

differences regarding working hours exist among loan officers.  Heartland also contends that the loan officers are not similarly situated because a number of the putative class members participated in Department of Labor settlements and have signed releases, thereby raising the possibility of various defenses to individual claims.  At the notice stage, however, it is not appropriate for the Court to address the merits of the Plaintiffs' claims or weigh the evidence.  Accordingly, variations in specific duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered at this stage.  See Pendlebury v. Starbucks Coffee Co., Case No. 04-80521, 2005 WL 84500, at *3 (S.D. Fla. Jan. 3, 2005) (factual matters regarding the applicability of exemptions to employees not appropriate at notice stage); Moss v. Crawford & Co., 201 F.R.D. 398, 410 (W.D. Pa. 2000) ("[V]ariations in the plaintiffs' duties, job locations and hourly billing rates do not differentiate the collective basis of the class to the extent that it defeats the primary objectives of a § 216(b) action.").  Rather, these issues are more appropriately addressed after the completion of discovery and during the second stage of the certification determination.  See Kreher, 2006 WL 739572, at *4 n.8 & 9 (issues of individualized nature of employees' claims, although potentially meritorious, should be considered during second stage of analysis); Clarke v. Convergys Customer Mgmt. Group, Inc., 370 F. Supp. 2d 601, 607 (S.D. Tex. 2005) (individualized factual issues

should be considered during second-stage analysis, not initial "notice" stage); <u>Reab v. Electronic Arts, Inc.</u>, 214 F.R.D. 623, 627 (D. Colo. 2002) (factors such as "disparate factual and employment settings of the individual plaintiffs" and "various defenses available to defendant which appear to be individual to each plaintiff" are considered during the second, and stricter, stage of the similarly-situated analysis); <u>Moss</u>, 201 F.R.D. at 409-10 (same).[7]

The Court finds that the Plaintiffs have submitted sufficient evidence at the notice stage to establish, based on the fairly lenient standard, that loan officers employed by Heartland are "similarly situated" for purposes of conditionally certifying the collective action.  Should Heartland move for decertification following discovery, the Court will revisit the certification issue and make a final determination as to whether the similarly-situated requirement has been met.  Nevertheless, at this stage, the Court will permit the Plaintiffs to send notice of opt-in rights to potential

---

[7]Heartland also argues that the Plaintiffs' claim is actually an overtime claim rather than a minimum wage claim, and that such a claim is already being pursued in the District Court of Colorado, <u>Melonakis-Kurz v. Heartland Home Finance, Inc.</u>, No. 03-MK-2485 (pac).  This addresses the merits of the claim and is not relevant to the Court's determination of whether to grant the Plaintiffs' motion for conditional certification..

members of the class.  See Hoffmann-La Roche, Inc., 493 U.S. at 169-70; Hipp, 252

F.3d at 1219.  The Plaintiffs submitted a proposed notice of lawsuit to be sent to

potential members of the class.  (Pls.' Mot. for Conditional Certification, Ex. A.)

Heartland failed to address the content or form of the Plaintiffs' proposed notice form

in its response.  However, after reviewing the proposed notice, the Court notes that the

language of the Plaintiffs' proposed notice has not been adapted to the minimum wage

claims of this case.  For instance, on page 1, the notice refers to the lawsuit as "FAIR

LABOR   STANDARDS   ACT   *OVERTIME*   LAWSUIT   FILED   AGAINST

HEARTLAND HOME FINANCE."  (Id.) (emphasis added).  Additionally, on page

2, the action is described as "alleg[ing] that these individuals are owed *overtime pay*

under the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., for

hours worked in excess of forty (40) per week."  (Id.) (emphasis added).  Finally, on

page 3, the notice states that "[i]f you choose to join this action, or choose to bring

your own action, you may be able to recover damages if you were improperly denied

*overtime compensation* only for *overtime hours worked* . . . ."  (Id.) (emphasis added).

Accordingly, the Court declines to approve the Plaintiffs' proposed notice in its

current state.


III.  CONCLUSION

For the reasons set forth above, the Plaintiffs' Motion for Conditional Certification and Judicial Notice [Doc. 39] is GRANTED.  The Court conditionally certifies this as a collective action under 29 U.S.C. § 216(b).  In addition, the Court grants the Plaintiffs' motion for judicial notice but declines to approve the Plaintiffs' proposed notice of lawsuit.  Accordingly, the parties are directed to work together to reach an agreement on a proposed notice of lawsuit and submit such agreed-upon notice, in a form to be approved by the Court, within 30 days of this date.  If, however, the parties are unable to reach an agreement, each party is directed to submit its version of a proposed notice, within the same period, for evaluation and approval by the Court.

SO ORDERED, this 3$\underline{^{rd}}$ day of May, 2006.

s/ Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge